OPINION of the Court, by
Judge Owsusy.
This is a writ of error brought to reverse a judgment rendered in favor ofthe-Trotters-in a petition and summons prosecuted by them against Rochester and David Wood, as merchants and partners in trade, trading under the firm of David Wood & Co. The petition was filed upon the following writing, viz.
“ Lexington, January 14th, 1814 — One hundred and twenty days after date we promise to pay to Samuel and George Trotter, or order, four hundred and fifty-four dollars eleven cents, without defalcation, for value received, negotiable and payable at the Lexington branch bank. Witness our hands. David Wood & Co.”
To the petition Rochester appeared and filed a demurrer, and it being joined by the Trotters was overruled by the court. Rochester then obtained leave of the court and withdrew his demurrer and filed three several pleas in bar, and at a subsequent term, having withdrawn his third plea, the Trotters, without taking any notice of the other pleas, took judgment by default against Rochester, and after causing an inquiry of damages, obtained final judgment for the amount of the note, together with interest and costs.
The first point made by the assignment of errors questions the propriety of maintaining a petition and summons upon the writing mentioned.
Assuming Rochester to be one of the firm of Wood & Co. we should be of opinion the action was properly conceived. In that case the writing held by the Trotters would be upon him and Wood, trading as is described in the petition under the firm of Wood & Co.; and from analogy to other cases heretofore decided by this court, a petition and summons would be a proper remedy to recover the debt from them.
*445 The assignment of errors in the second place questions the propriety of taking judgment without previously disposing of the first and second pleas.
If either of those pleas furnish a good defence for Rochester, in that case, as they remain unanswered, it was clearly irregular-to enter judgment against him. Without entering into a minute discussion of the second plea, it will be admitted not to contain those averments essential toa good plea. But with respect to the. first plea, we are of opinion it is substantially sufficient. That plea expressly avers that Rochester was not at the date of the writing upon which the suit is founded, nor at any time previous thereto, the partner of David Wood.
Admitting this plea to be true, Rochester most clearly cannot be liable to the Trotters: for as the writingpur-ports to he an obligation upon the partners trading under the firm of Wood & Co. unless Rochester was one of the company, he is not bound; and the plea, by denying he was a partner of Wood, either when the writing was given or before, substantially traverses a material fact, which, if not true, he cannot be accountable.
The judgment must be reversed with costs, and the cause remanded to the court below for new proceedings not inconsistent with this opinion.